IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH HASPEL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 2:05cv1503 |
| ) | Judge Thomas M. Hardiman |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiffs Kenneth Haspel (Haspel) and Vicki Vincent (Vincent), as co-administrators of the estate of Michael J. Haspel, initiated this action in the Court of Common Pleas of Washington County, Pennsylvania. Defendant State Farm Mutual Automobile Insurance Company (State Farm) removed the case to this Court, alleging diversity jurisdiction.

Plaintiffs assert two claims, one for breach of contract and the other for a declaratory judgment for insurance coverage under a State Farm policy owned by Plaintiffs' decedent. Plaintiffs filed a motion to remand, arguing that the parties are not diverse and the amount in controversy does not exceed $75,000. In addition, the Court requested that the parties file briefs to address whether jurisdiction lies in this case in light of the factors established by the Court of Appeals for the Third Circuit in *State Auto Insurance Companies v. Summy*, 234 F.3d 131 (3d Cir. 2000). For the reasons that follow, the Court will deny the motion to remand and exercise jurisdiction of this case in accordance with *Summy*.

Contrary to Plaintiffs' claim, diversity jurisdiction exists pursuant to 28 U.S.C. §§1332(c)(1) and (c)(2) because the Plaintiffs are citizens of Pennsylvania and State Farm is a citizen of Illinois. Plaintiffs next argue that the amount in controversy requirement is not

satisfied because they seek only a declaratory judgment and not money damages. The Court of Appeals addressed this precise issue and stated:

> Indeterminacy of the amount to be recovered is therefore not sufficient to defeat diversity jurisdiction, and so it is immaterial that the [plaintiffs] might eventually recover less than $50,000 from State Farm. Given that the [plaintiffs] allege quite serious injuries and an entitlement to as much as $200,000 in underinsured motorist benefits, we cannot say with legal certainty that the [plaintiffs] will recover less than $50,000. Thus, the amount in controversy requirement is satisfied, the district court had subject matter jurisdiction.

*Jumara v. State Farm Ins. Co.* 55 F.3d 873, 877 (3d Cir. 1995). The Court of Appeals in *Jumara* cited its previous decision in *Manze v. State Farm Ins. Co.*, 817 F.2d 1062 (3d Cir. 1987), in which it held that "in considering the jurisdictional amount requirement the court should look through to the possible award resulting from the desired arbitration, since the petition to compel arbitration is only the initial step in a litigation which seeks as its goal a judgment affirming the award." *Id.* at 1069. *Jumara* and *Manze* make clear that because Plaintiffs in this case are seeking to recover up to $200,000, the amount in controversy requirement has been satisfied.

Having established that the parties are diverse and the amount in controversy is satisfied, the Court now turns to the question of whether jurisdiction lies in light of *Summy*. There, the Court of Appeals cited Supreme Court precedents regarding the propriety of exercising jurisdiction over insurance cases under the Declaratory Judgment Act. The Court of Appeals highlighted three considerations in light of prevailing precedent: "1. A general policy of restraint when the same issues are pending in a state court; 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; 3. Avoidance of duplicative litigation." *Summy*,

234 F.3d. at 134. In light of these considerations, the Court of Appeals explained that:

> these precedents counsel hesitation by federal courts in exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled. A federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation. Moreover, district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it. This is especially important in insurance coverage cases, although we do not mean to confine its relevance to that category.

*Id.* at 135 (internal citations omitted). In light of these factors, Plaintiffs argue that the Court should refrain from exercising jurisdiction in this case.

In response, State Farm asserts that this case falls outside the areas of concern addressed by *Summy*. Specifically, State Farm points out that question of law in this case has been settled several times by Supreme Court of Pennsylvania, unlike the more nebulous questions addressed in *Summy*. In addition, State Farm emphasizes that there can be no piecemeal or duplicative litigation in this case because Plaintiffs have received policy limits from the tortfeasor. Because both of State Farm's arguments are well-taken, remand of this case pursuant to *Summy* is not warranted.

An appropriate Order follows.

*[signature]*
Thomas M. Hardiman
United States District Judge

February 8, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH HASPEL, et al.,           )<br>                                   )<br>         Plaintiffs,               )<br>                                   )<br>   v.                              )<br>                                   )<br> STATE FARM MUTUAL AUTOMOBILE      )<br> INSURANCE COMPANY,                )<br>                                   )<br>         Defendant.                )   | 2:05cv1503<br>Judge Thomas M. Hardiman |

## ORDER

AND NOW, this 8th day of February, 2006, upon consideration of Plaintiff's Motion to Remand (Doc. No. 6) it is hereby

ORDERED that said motion is DENIED.

_____
Thomas M. Hardiman
United States District Judge

cc: All counsel of record.