IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH HASPEL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:05-cv-1503 |
| ) | Judge Thomas M. Hardiman |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION

Plaintiffs Kenneth Haspel and Vicki Vincent, co-administrators of the estate of decedent Michael J. Haspel (collectively, Haspel), brought this action in the Court of Common Pleas of Washington County, Pennsylvania, on October 7, 2005. The complaint alleged that Defendant State Farm Mutual Automobile Insurance Company (State Farm) owed Plaintiffs $200,000 of underinsured motorists (UIM) benefits on the decedent's insurance policy that provided for the stacking of benefits. On October 27, 2005, State Farm filed a notice of removal pursuant to 28 U.S.C. §§1332 and 1441(a), followed by a Rule 12(b)(6) motion to dismiss the action for failure to state a claim. The Court previously granted State Farm's motion to dismiss and now issues this opinion explaining the reasons for the dismissal.

### I.     Procedural History

Soon after State Farm removed this action, it moved to dismiss based primarily on the household exclusionary clause contained in the policy under which Haspel now seeks UIM benefits. On April 3, 2006, the Court stayed the case pending the Pennsylvania Supreme Court's decision in *Craley v. State Farm Fire and Casualty Co.*, 895 A.2d 530 (Pa. 2006) which was

decided on April 21, 2006. In light of *Craley*, the Court asked the parties to submit briefs on the application of inter-policy stacking to the instant case. Following oral argument on July 19, 2006, the Court issued an order granting State Farm's motion to dismiss for the reasons stated on the record during the oral argument.[1] Haspel filed his notice of appeal from that order on August 9, 2006.

> The Third Circuit's Local Rule of Appellate Procedure 3.1 provides:
>
> > At the time of the filing of the notice of appeal, the appellant shall mail a copy thereof by ordinary mail to the trial judge. Within 15 days thereafter, the trial judge may file and mail to the parties a written opinion or a written amplification of a prior written or oral recorded ruling or opinion.

This Opinion is being filed on October 2, 2006, which is more than fifteen days after Haspel filed his notice of appeal, but only seven days after the transcript of oral argument was prepared. The Third Circuit has previously considered a district court's written opinion beyond the fifteen-day period, however, where no prejudice accrued to the parties. *See, e.g., United States v. Scarfo*, 263 F.3d 80, 89 (3d Cir. 2001); *United States v. Bennett*, 161 F.3d 171, 186 (3d Cir. 1998)

## II.   Facts

On October 13, 2001, Michael J. Haspel was killed while riding his motorcycle, which was insured by State Farm Policy #0097-888 (Motorcycle Policy). State Farm disputes that this policy provided for stacking of benefits, whereas Haspel insists that it did. The decedent was

---

[1] The Court heard oral argument both in this case and in *State Farm v. Bish*, 2:03-cv-1379. Although certain factual differences appear in these cases, because the controlling question of law in each case is governed by *Craley*, the Court's legal analysis is essentially the same in both cases. The Court suggested at oral argument that if the parties wished to appeal, the cases should be consolidated to promote judicial economy.

2

also insured by State Farm Policy #4823-128, covering a Ford Ranger and a Toyota MRZ (Automobile Policy). Following legal action, Haspel obtained $100,000 from the tortfeasor and another $100,000 from State Farm under the Motorcycle Policy. He then made a claim for UIM benefits totaling $200,000 under the Automobile Policy. State Farm denied this claim because it is undisputed that the decedent had waived stacking of UIM benefits on the Automobile Policy and it also contained a household exclusion provision, which states:

> THERE IS NO COVERAGE FOR BODILY INJURY TO AN INSURED UNDER COVERAGE W3: While occupying a motor vehicle owned by you, your spouse, or any relative if it is not insured for coverage under this policy.

### III. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, a court will not accept unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 & n.8 (3d Cir. 1997).

## IV. Analysis

### A. The Pennsylvania Supreme Court's Decision in *Craley* Dictates that Haspel's Waiver of Stacking in the Automobile Policy Bars Recovery as a Matter of Law.

Section 1738 of the Pennsylvania Motor Vehicle Financial Responsibility Law states:

> (a) Limit for each vehicle.—When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.
>
> (b) Waiver.—Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking of uninsured or underinsured coverages in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

75 Pa. Cons. Stat. §1738. Although §1738(b) plainly allows for waiver of stacked coverages, the question whether it permits the waiver of stacking between multiple policies (inter-policy stacking) or only within the same policy (intra-policy stacking) has been the subject of dispute.

The Pennsylvania Supreme Court recently clarified this issue in *Craley*. There, Mrs. Craley was killed when a drunk driver collided with her vehicle. Her husband recovered the limits on a policy issued by State Farm, for which Mrs. Craley was the named insured and which included the car she was driving at the time of the accident. Mr. Craley then attempted to recover benefits under a separate policy issued to him by State Farm covering his pickup truck, which did not cover the car involved in the accident. Significantly, with respect to the policy covering his truck, Mr. Craley had signed a waiver of stacking. The trial court nevertheless concluded that §1738(b) permitted the waiver only of intra-policy stacking, based on its use of the single noun "policy" as opposed to plural noun "policies." Accordingly, the waiver of stacking signed by Mr.

4

Craley did not obviate State Farm's responsibility to pay claims for stacked benefits on the multiple policies.

The state trial court in *Craley* also examined the validity of the "household exclusion" contained in Mr. Craley's policy, which provided that "there is no coverage for bodily injury to an insured under Coverage U3: (1) While occupying a motor vehicle owned by you, your spouse, or any relative if it is not insured for this coverage under this policy . . . ." *Id.* at 534 (footnote omitted). State Farm argued in *Craley* that the waiver of stacking, coupled with the household exclusion, prevented recovery. The trial court first ruled that the "waiver provisions in Section 1738 did not apply to inter-policy stacking" and then held the household exclusion void as against public policy. *Id.* State Farm appealed, and the Pennsylvania Superior Court reversed, holding that household exclusions such as the one in Mr. Craley's policy are valid. While basing its decision on the household exclusion, the Superior Court also noted that it was "hard-pressed to understand how there can be a statutory right to allow stacking which cannot be waived in inter-policy situations but allow it to be taken away by a household vehicle exclusion." *Id.* at 536.

On appeal, the Pennsylvania Supreme Court affirmed the Superior Court's decision on both grounds.[2] The Supreme Court analyzed §1738 in detail and concluded: "Section 1738(a) . . . unambiguously provides for inter- as well as intra-policy stacking, thus expressing the clear intention of the General Assembly to compel insurers to provide stacking coverage absent a valid

---

[2] The Supreme Court held that the Superior Court's discomfort with respect to the bar on inter-policy stacking waivers was correct as a matter of state law. As such, it neither addressed nor disturbed the lower court's reasoning with respect to household exclusions. One concurring justice, in particular, wrote that the inter-policy stacking waiver and household exclusion were two independently sufficient reasons to preclude recovery in that case. *See id.* at 544 (Eakin, J., concurring).

5

waiver. . . . Thus, we resolve any ambiguity present in subsection (b) in favor of allowing consumers the choice to waive the coverage and thereby reduce their premiums." *Id.* at 539-40. Based on this determination, the Court concluded that "inter-policy stacking can be waived and, in fact, was waived under the facts of this case. . . . Instead, because State Farm paid the Craleys $30,000 under [Mrs. Craley]'s policy, which was the stated limit under both [Mrs. Craley]'s policy and [Mr. Craley]'s policy, they can not claim any additional benefit under [Mr. Craley]'s policy." *Id.* at 542.

In his most recent brief, Haspel does not argue that *Craley* does not control his case, but instead claims that the stacking provision in the Motorcycle Policy, as opposed to the non-stacking provision in the Automobile Policy, should govern.[3] Under that approach, Haspel would be able to stack an additional $200,000 of UIM benefits from the Automobile Policy on top of the $100,000 he has already received from the Motorcycle Policy. In support of this position, Haspel states in his response brief: "[t]he determinative policy should be the policy covering the vehicle involved in the accident." Significantly, Haspel cites not a single case to support this statement.

In direct contravention of Haspel's argument, the Supreme Court in *Craley* stated: "[i]t is Randall's policy and its exclusions that are relevant to the legal issues presented in this case." 895 A.2d at 533. In *Craley*, "Randall's policy" referred to the policy under which Mr. Craley sought additional coverage and not the policy that covered the vehicle involved in the accident that killed Mrs. Craley. Similarly, in the instant case, the Court must look to the policy under

---

[3] Although State Farm claims that the Motorcycle Policy also did not provide for the stacking of benefits, the Court must accept as true Plaintiff's factual allegations on a motion to dismiss.

which Haspel now seeks additional coverage and not the policy that covered the motorcycle involved in the accident. Haspel attempts to distinguish *Craley* by suggesting that the *Craley* court would not have looked to Mr. Craley's policy had Mrs. Craley's policy provided for stacking, as §1738(a) then automatically would have mandated the stacking of all other policies held by the insured, whether those other policies provided for stacking or not. The problem for Haspel is that if his interpretation were correct, once the Supreme Court of Pennsylvania determined that Mrs. Craley's policy was not stacked, then it also had no need to look to her husband's policy because any other policy would be irrelevant to the stacking issue. But the Supreme Court focused on Mr. Craley's policy throughout the opinion. *See id.* at 533-34, 541-42.

As the Pennsylvania Supreme Court has the final say on questions of Pennsylvania state law, and *Craley* teaches that it is the policy under which additional benefits are being sought that controls, all that remains for this Court is to determine whether the *Craley* rule as applied here yields the same result. The Court finds that the facts in *Craley* are analogous to those in the instant case. First, the parties do not dispute that the decedent waived stacking in the Automobile Policy. Second, Haspel recovered the stated limit under the Motorcycle Policy. Accordingly, he has failed to state a claim to obtain additional UIM benefits under the other policy.

### B. Even in the Absence of *Craley*, the Household Exclusion Contained in the Automobile Policy Bars Recovery.

Even if the waiver of stacking were insufficient to support the dismissal of his case, Haspel would be barred from recovery on the Automobile Policy because it included a household exclusion provision. At the time Haspel briefed this issue, he believed in good faith that State Farm could not rely on the Superior Court's decision in *Craley*. As stated previously, however,

7

the Supreme Court did not upset the holding or rationale of the Superior Court that the household exclusion at issue there - which contained the exact same language as the one involved in this case - barred recovery. *See* 895 A.2d at 532, 534; *State Farm Fire & Cas. Co. v. Craley*, 844 A.2d 573, 574 (Pa. Super. Ct. 2004). In fact, the Court characterized as *"per se"* the Superior Court's validation of household exclusions and did not retreat from such an expansive rule. *See* 895 A.2d at 535. Moreover, the Supreme Court itself has repeatedly upheld the validity of household exclusions essentially identical to that in the Automobile Policy. *See, e.g., Prudential Prop. & Cas. Ins. Co. v. Colbert*, 813 A.2d 747, 754-55 (Pa. 2002); *Eichelman v. Nationwide Ins. Co.*, 711 A.2d 1006, 1010 (Pa. 1998).

For the foregoing reasons, in addition to those stated on the record at oral argument, Haspel has failed to state a claim upon which relief may be granted and the Court dismissed this action with prejudice.

Dated: October 2, 2006

Thos M. Hardiman
Thomas M. Hardiman
United States District Judge